IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-02261-RMU (D.D.C.) |
| ) | |
| DIRK KEMPTHORNE, ET AL. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

Federal Defendants, Dirk Kempthorne, Secretary, United States Department of the Interior, and H. Dale Hall, Director, United States Fish and Wildlife Service (collectively, the "Defendants"), hereby Answer Plaintiffs' Complaint for Declaratory and Injunctive Relief (Complaint).

1. The allegations set forth in the first sentence of paragraph one characterize the nature of the Complaint. The Complaint speaks for itself and is the best evidence of its contents. The allegations set forth in the second sentence of paragraph one are conclusions of law, to which no response is required; however, to the extent a response is deemed necessary, the allegations are denied.

2. The allegation set forth in paragraph two is a conclusion of law, to which no response is required; however, to the extent a response is deemed necessary, the allegation is denied.

-1-

3-6. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs three through six and therefore, the allegations are denied.

7. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph seven; therefore, the allegations are denied. In addition, the Defendants aver that the allegation that they have failed to take steps required by the Endangered Species Act (ESA) is a conclusion of law, which requires no response; however, to the extent a response is deemed necessary, the allegation is denied.

8. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph eight; therefore, the allegations are denied. In addition, the Defendants aver that the allegation that they have failed to take steps required by the ESA is a conclusion of law, which requires no response; however, to the extent a response is deemed necessary, the allegation is denied.

9. The allegation set forth in paragraph nine is admitted.

10. The allegation set forth in paragraph 10 is admitted.

11. The allegations set forth in paragraph 11 characterize the content of the referenced statutory provisions of the ESA; these provisions speak for themselves and are the best evidence of their content.

12. The allegations set forth in paragraph 12 characterize the content of the referenced statutory provisions of the ESA; these provisions speak for themselves and are the best evidence of their content.

13. The allegations set forth in paragraph 13 characterize the content of the referenced Distinct Population Segment Policy and a statutory provision of the ESA; the policy and the statutory provision speak for themselves, and are the best evidence of their content.

14. The allegations set forth in paragraph 14 characterize the content of the referenced statutory and regulatory provisions; these provisions speak for themselves and are the best evidence of their content.

15. The allegations set forth in paragraph 15 characterize the content of the referenced statutory and regulatory provisions; these provisions speak for themselves and are the best evidence of their content.

16. The allegations set forth in paragraph 16 characterize the content of the referenced statutory and regulatory provisions; these provisions speak for themselves and are the best evidence of their content.

17. The allegations set forth in paragraph 17 characterize the content of the referenced statutory and regulatory provisions; these provisions speak for themselves and are the best evidence of their content.

18. The allegations set forth in paragraph 18 characterize the content of the referenced statutory provisions; these provisions speak for themselves and are the best evidence of their content.

19. The allegations set forth in paragraph 19 characterize the content of the referenced statutory provision; this provision speaks for itself and is the best evidence of its content.

20. The allegations set forth in the first sentence of paragraph 20 are denied. The allegations set forth in the second sentence of paragraph 20 are admitted, except that the Defendants are without knowledge or information sufficient to form a belief as to truth of the allegation that Coaster Brook Trout are "weakly anadromous", because the Defendants are not familiar with this term, and therefore the Defendants deny this allegation. The allegations set forth in the third and fourth sentences of paragraph 20 are admitted. The allegation, set forth in the fifth sentence of paragraph 20, that Coasters are larger than the common brook trout, is admitted; the remaining allegations set forth in the fifth sentence of paragraph 20 are denied.

21. The Defendants are without knowledge or information sufficient to form a belief as to truth of the allegation set forth in the first sentence of paragraph 21, because the Plaintiffs have failed to define the term "water quality." The Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations set forth in the second sentence of paragraph 21, because the Plaintiffs have failed to define the term "highly sensitive." The allegations set forth in the third sentence of paragraph 21 are admitted.

22. The Defendants admit the allegation, set forth in the first sentence of paragraph 22, that Coaster populations exist in the three areas of the Lake Superior Basin named in this sentence; however, the Defendants deny the allegation, set forth in this same sentence, that the only known populations of Coasters exist in the named areas of the Lake Superior Basin, and the Defendants further aver that known populations exist in Canada outside of the Nipigon River System. Finally, the Defendants aver that there are more than three remnant populations of Coasters within the three named areas. The Defendants are without knowledge or information sufficient to form a belief as to truth of the allegation set forth in the second sentence of

paragraph 22, and therefore deny said allegation.

23. The Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 23, and therefore deny said allegations.

24. The Defendants deny the allegation, set forth in the first sentence of paragraph 24, that Coasters are known to exist in only three locations. The Defendants admit the allegation, set forth in this same sentence, that current Coaster numbers are greatly reduced from their numbers in the middle 1800s. The Defendants admit the allegation set forth in the second sentence of paragraph 24. The Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations set forth in the third and fourth sentences of paragraph 24 and therefore deny said allegations.

25. The Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations set forth in the first and second sentences of paragraph 25, and therefore deny said allegations. The Defendants admit the allegations set forth in the third and fourth sentences of paragraph 25, insofar as the allegations are general and hypothetical, and do not relate specifically to the Coaster Brook Trout populations in Lake Superior or the Salmon Trout River.

26. The Defendants admit the allegation, set forth in the first sentence of paragraph 26, that "modification and/or destruction of habitat can result . . . from changes in water quality in Coaster habitat." The Defendants are without knowledge or information sufficient to form a belief as to truth of the allegation, set forth in this same sentence, that "modification and/or destruction of habitat . . . has resulted from changes in water quality in [current] Coaster habitat", and therefore deny said allegation. The Defendants are without knowledge or information

sufficient to form a belief as to truth of the allegation set forth in the second sentence of paragraph 26, because the Plaintiffs have failed to define that term "particularly toxic" and therefore deny said allegation. The Defendants admit the allegations set forth in the third sentence of paragraph 26, insofar as those allegations are general and hypothetical; however, the Defendants deny these allegations, if their intended meaning is that acidic water has resulted in increased mortalities and interference with reproductive, respiration and gill performance functions of Coasters. The Defendants deny the allegations set forth in the fourth sentence of paragraph 26, and demand specific proof thereof. With respect to the fifth sentence of paragraph 26, the Defendants admit that a drop in pH can occur as a result of acid rain, mining activity, or chemical spills; however, while the Defendants also admit the allegation that acid rain has caused a drop in pH in the tributary streams of the Great Lakes region during the Spring runoff period, the Defendants deny the allegation that this drop in pH is, or has been, sufficient to cause the adverse effects referred to by the Plaintiffs in this paragraph; finally, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that mining activity and chemical spills have caused a drop in pH in the tributary streams of the Great Lakes region, and therefore deny said allegations.

27. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of paragraph 27, and therefore deny said allegations. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 27, because the Plaintiffs have failed to define the term "highly toxic" and therefore deny said allegations. The Defendants admit the allegations set forth in the fourth sentence of paragraph

27. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence of paragraph 27, and therefore deny said allegations  The Defendants admit the allegation set forth in the sixth sentence of paragraph 27, because the allegation is general in nature. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the seventh sentence of paragraph 27, because the allegations are ambiguous, and specifically because the Plaintiffs have failed to define the term "resultant decrease in the amount of dissolved oxygen" and therefore deny said allegations.

28. The Defendants admit the allegation set forth in the first sentence of paragraph 28. The Defendants admit the allegations set forth in the second sentence of paragraph 28, except that, to the extent that the Plaintiffs are alleging that silt resulting from logging operations are, in fact, filling hollows used for juvenile Coaster populations, decreasing the amount of food available for young Coasters, and reducing the visibility and light penetration in streams, thereby affecting Coaster migration and feeding patterns, the Defendants deny these allegations.  The Defendants admit the allegation set forth in the third sentence of paragraph 28.

29. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation, set forth in the first sentence of paragraph 29, that historic overutilization of Coasters, in the form of commercial and sport fishing, has occurred, and therefore deny said allegation. Further, the Defendants specifically deny the allegation, set forth in this same sentence, that Coasters' numbers are continuing to dwindle as a result of historic overutilization in the form of commercial and sport fishing. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

the second and third sentences of paragraph 29, and therefore deny said allegations. The Defendants admit the allegations, set forth in the fourth sentence of paragraph 29, that fishing activities today are restricted, though still allowed; the Defendants deny the allegation, set forth in this same sentence, that the Coaster Brook Trout is a separate "species." The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the fourth sentence of paragraph 29 and therefore deny said allegations.

30. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the first sentence of paragraph 30 and therefore deny said allegation. The Defendants admit the allegations, set forth in the second sentence of paragraph 30, that governments permit the continued fishing of the Coasters, and that governments allow the introduction of exotic species in some areas of Lake Superior. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the second sentence of paragraph 30 and therefore deny said allegations. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the third sentence of paragraph 30 and therefore deny said allegation.

31. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 31, and therefore deny said allegations. The Defendants admit the allegation, set forth in the second sentence of paragraph 31, that "government agencies have introduced exotic salmonids into Coaster habitat."

32. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 32, and therefore deny said allegations. With respect to the second sentence of paragraph 32, the Defendants are without

knowledge or information sufficient to form a belief as to the allegation that the Salmon Trout River population of Coasters suffers from depressed numbers, and therefore deny said allegation; the Defendants admit the allegation that a nickel mine and processing facility has recently been proposed for location underneath the Salmon Trout River headwaters; however, if the Plaintiffs are alleging, in this same sentence, that the permitting and subsequent operation of the proposed nickel mine and processing facility will threaten the current Salmon Trout River Coaster population, the Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore deny the allegation.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third, fourth, and fifth sentences of paragraph 32, and therefore deny said allegations.

33.  The allegations set forth in paragraph 33 are admitted.

34.  The allegation set forth in the third sentence of paragraph 34 is admitted, insofar as the Defendants admit that they have yet to make a determination as to whether the Petition presents substantial scientific or commercial information indicating that the Salmon Trout River population of the Coaster Brook Trout warrants listing under the ESA as a Distinct Population Segment.  The Defendants deny the allegation, set forth in this same sentence, that "[t]he Service has previously indicated it would in fact be making a required determination shortly."  The remaining allegations of paragraph 34, all of which allege that certain determinations are required under the ESA, are conclusions of law, which do not require responses; however, to the extent that responses are deemed necessary, the allegations are denied.

35. The allegation set forth in the first sentence of paragraph 35 is admitted, insofar as the Defendants admit that the FWS has not issued any findings, and admit that more than 18 months

have past since the FWS received the May 2006 supplement. The Defendants are without knowledge or information sufficient to form a belief as to the remaining allegation in the first sentence of paragraph 35; therefore, that allegation is denied. The allegation set forth in the second sentence of paragraph 35 is a conclusion of law, to which no response is required; however, to the extent that a response is deemed necessary, the allegation is denied. The allegations set forth in the third sentence of paragraph 35 are admitted.

## PLAINTIFFS' CLAIM FOR RELIEF

36. The allegations set forth in paragraph 36 are conclusions of law, to which no responses are required; however, to the extent that responses are deemed necessary, the allegations are denied.

## GENERAL DENIAL

All allegations in the Complaint that are not specifically admitted are denied by the Defendants.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs' complaint fails to state a claim upon which relief can be granted.

2.   Venue may be more appropriate in another judicial district.

WHEREFORE, Federal Defendants ask the Court to deny all relief sought by Plaintiffs, to grant judgment to Federal Defendants, and to grant Federal Defendants any other appropriate relief.

Respectfully submitted, February 15, 2008;

                    RONALD J. TENPAS
                    Assistant Attorney General
                    Environment & Natural Resources Division
                    U.S. Department of Justice
                    JEAN E. WILLIAMS, Chief
                    LISA L. RUSSELL, Assistant Chief

                    /s/ Rickey Doyle Turner, Jr.
                    RICKEY DOYLE TURNER, JR.
                    Trial Attorney
                    CO Bar No. 38353
                    Wildlife & Marine Resources Section
                    Environment & Natural Resource Division
                    Benjamin Franklin Station, P.O. Box 7369
                    Washington, D.C. 20044-7369
                    Telephone: (202) 305-0229
                    Facsimile: (202) 305-0275

Of Counsel:
Steven C. Barcley
Attorney-Advisor
Office of the Solicitor - Pittsburgh Field Office
Three Parkway Center, Suite 385
Pittsburgh, PA 15220
(412) 937-4007

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, I caused a copy of the foregoing to be served on the following counsel by means of the Court's electronic filing system:

Joshua Stebbins
jstebbins@meyerglitz.com

                                              **s/ Rickey Doyle Turner Jr.**
                                              Rickey Doyle Turner Jr.
                                              rickey.turner@usdoj.gov