IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-02261-RMU (D.D.C.) |
| ) | |
| DIRK KEMPTHORNE, ET AL. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**STIPULATED SETTLEMENT WITH [PROPOSED] ORDER**

Plaintiffs, the Sierra Club, Huron Mountain Club, and Marvin Roberson, and Defendants, the U.S. Fish and Wildlife Service and Dirk Kempthorne, Secretary of the Interior ("Secretary"), by and through their undersigned counsel, state as follows:

WHEREAS, on February 22, 2006, Plaintiffs submitted a petition to list the coaster brook trout as an endangered species under the Endangered Species Act ("ESA").

WHEREAS, under the ESA and "to the maximum extent practicable," the Service within 90 days of receiving a petition to list a species under the ESA shall make a finding as to whether "the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted."  16 U.S.C. § 1533(b)(3)(A).

WHEREAS, if the 90-day finding was positive, the Service had one year from the date it received the Petition to either issue a proposed rule listing the species as threatened or

endangered or to find that such listing is "not warranted." 16 U.S.C. § 1533(b).

WHEREAS, on December 17, 2007, Plaintiffs filed a Complaint for declaratory and injunctive relief, pursuant to the ESA, 16 U.S.C. § 1531 et seq.

WHEREAS, on March 20, 2008, the Service published a positive 90-day finding.

WHEREAS, the Service has not yet made the "12-month finding."

WHEREAS, Plaintiffs and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint.

WHEREAS, Plaintiffs and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The Service shall submit for publication to the Federal Register a 12-month finding on Plaintiff's petition to list the coaster brook trout by December 15, 2008.

2. In consideration of Defendants' agreement to meet the deadlines in paragraph 1, Plaintiffs agree to dismiss this action. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement, to resolve any motions to modify such terms, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), and to adjudicate any dispute concerning attorneys fees.

3. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4.

4. The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before bringing any matter to the Court. If the parties are unable to resolve the claim either party may seek relief from the Court.

5. The Parties agree that nothing in this agreement or the terms herein shall be interpreted to constitute evidence of what is or is not a reasonable time line for issuing a 12-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

6. Defendants agree that Plaintiffs are the "prevailing party" in this action, and agree to pay Plaintiffs reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendants agree to settle all of Plaintiffs' claims for costs and

attorneys' fees in the above-captioned litigation for a total of $15,803.08.  The check will be made payable in the amount of $15,803.08 to Meyer, Glitzenstein & Crystal.

    7.  Defendants agree to submit all necessary paperwork to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the signed court order approving this stipulation.

    8.  Plaintiffs agree to accept payment of $15,803.08 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement.

    9.  Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

    10.  The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforseen continuation of this action.

    11.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural.  Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

12. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. In response, Plaintiffs assert that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiffs intend to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defense to such a claim.

13. The parties agree that this Settlement Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement and upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

Respectfully submitted this 1st day of May 2008 ,

        RONALD J. TENPAS, Assistant Attorney General
        JEAN E. WILLIAMS, Section Chief
        LISA L. RUSSELL, Assistant Section Chief

        **/s/** Rickey Doyle Turner Jr.
        _____

        RICKEY DOYLE TURNER JR.
        U.S. Department of Justice
        Environment & Natural Resources Division
        Wildlife and Marine Resources Section
        P.O. Box. 7369
        Washington, D.C.  20044-7369
        Telephone: (202) 305-0229
        email:  rickey.turner@usdoj.gov

        Attorneys for Defendants

/s/ Joshua Stebbins
_____

JOSHUA STEBBINS
Meyer, Glitzenstein, & Crystal
1601 Connecticut Ave., N.W., Suite 700
Washington, D.C. 20009
Telephone: (202) 588-5206
email: Jstebbins@meyerglitz.com

Attorney for Plaintiffs

**[PROPOSED] ORDER**

It is ordered that the terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an ORDER of this Court. The Court retains jurisdiction to oversee compliance with the terms of this Agreement, to resolve any motions to modify such terms, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), and to adjudicate any dispute concerning attorneys fees.

It is therefore hereby ORDERED

That this case is hereby DISMISSED in accordance with the terms herein.

Dated: this _____ day of _____, 2008.

_____
United States District Judge